# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No.: 1:24-CR-00412 |
| ) | |
| vs. ) | **DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION AND OTHER LISTED MOTIONS** |
| ) | |
| THOMAS ALLEN BATEMAN. JR, ) | |
| Defendant. ) | |

The above-named defendant, by and through his undersigned counsel, moves this Court to order the U.S. Attorney to produce and permit defendant to inspect, copy or photograph each of the following, now known to or in the possession of the government, or any of its agents or which through diligence would become known from the investigating officers, or witnesses or persons having knowledge:

1. Any and all tangible objects obtained during the investigation in this case, including:

    (a) tangible objects obtained from defendant's person or effects;

    (b) tangible objects obtained from the person or effects of co-defendants;

    (c) tangible objects obtained from the person, effects, or vehicle driven by co-defendants.

2. All other books, papers, documents or tangible objects the government plans to offer in evidence.

3. Any and all other books, papers, documents, or tangible objects upon which

the government relied in returning the Indictment against defendant, or which the government plans to offer as evidence in this case.

4. Any and all property in the possession of the government or its agents or seized by them, belonging to or alleged by the government to belong to defendant.

5. The prior criminal record of the defendant.

6. All books, papers, documents, photographs or tangible objects which are in the possession, custody or control of the Government, and are relevant to this case, including any handwritten notes taken by any investigating agents.

7. The results or reports of physical or mental examinations, of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

8. Any and all fingerprint impressions, blood samples, clothing, hair, fiber or other materials obtained by whatever means or process from the scene of the offense, the defendants or co-defendants, or the vehicle occupied by any one of the defendants or co-defendants, or those of some other person known or unknown.

9. Any and all comparisons of blood, fingerprints, clothing, hair fiber or other materials made in connection with this case.

10. Any and all results of physical or mental examinations.

11. Any and all names and addresses of persons who have knowledge pertaining to this case or who have been interviewed by the government in connection with this case.

12. Any and all FBI and local arrest and conviction records of all persons the

government plans to call as a witness.

13. Written statements of all persons who the government does not plan to call as a witness at trial.

14. The name, identity and whereabouts of any informer who gave information leading to the arrest of defendant, or co-defendants, and whether said informant was paid by the government for such information.

15. Any and all material now known to the government, or which may become known, or which through due diligence may be learned from investigating officers or the witnesses or persons having knowledge of this case, which is exculpatory in nature or favorable material or which might serve to mitigate punishment, and including any evidence impeaching or contradicting testimony of government witnesses or instructions to government witnesses not to speak with or discuss the facts of the case with defense counsel.

16. All evidence tending to show that any acts or conduct by the defendant were done without criminal intent.

17. This request specifically includes any information which could show that at the time of any alleged act, that the defendant, was neither present, mentioned or involved directly or indirectly.

18. All names and present addresses of persons who have any knowledge of the existence of any evidence which might be relevant to acts charged as a crime in the Indictment against the defendant, including all persons who (a) will be witnesses for the Government upon the trial of this case, or (b) will not be called as witnesses by the Government.

19. Pursuant to the Provisions of Title 18, United States Code, Section 2518(9), all records relating to intercepted wire or oral communications and/or any evidence discovered there from.

20. The defendant further moves for:

    (a)   Production of Statements by Co-Defendants and Co-Conspirators.

    (b)   Disclosure of Electronic Surveillance and for a Full Investigation of Surveillance.

    (c)   Disclosure of Names, Addresses and Criminal Records and all other information relevant to the credibility of all witnesses.

    (d)   Disclosure of Grand Jury Proceedings.

    (e)   All statements of witnesses producible under Title 18, United States Code, Section 3500, the Jencks Act, at least seventy two (72) hours prior to trial.

    (f)   Government Agents and Attorneys to Retain Rough Notes and Writings.

    (g)   Leave to File Additional Motions.

    (h)   Rule 12 Evidence.

    (i)   Access to Prospective Government Witnesses.

    (k)   Disclosure of Rule 404 Evidence.

    (j)   Divulgence of Brady Material.

WHEREFORE, Defendant moves this Court to order production of the above-described items, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

                    By:    <u>s/ Marion M. Moses</u>
                           Marion M. Moses (Federal ID No. 10024)
                           LAW OFFICES OF MARION M MOSES, LLC
                           PO Box 5615
                           Columbia, South Carolina 29250
                           (803) 771-7011

June 24, 2024
Columbia, South Carolina